## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

LEVI JEROME            )
MARSHALL, JR.,         )
                       )
    Petitioner,        )
                       )
v.                     )    CV422-220
                       )
WARDEN PHILL HALL,     )
                       )
    Respondent.        )

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* petitioner Levi Jerome Marshall, Jr. has filed a petition for

habeas corpus relief pursuant to 28 U.S.C. § 2254. Doc. 1. He moves to

pursue his case *in forma pauperis*. Doc. 2. Since he appears to lack

sufficient funds to pay the Court's filing fee, that Motion is **GRANTED**.

Doc. 2. He also moves for court-appointed counsel. Doc. 4. For the

reasons explained below, that Motion is **DENIED**.[1] Doc. 4. Preliminary

review shows that the Petition should be **DISMISSED**. *See* Rule 4, Rules

Governing Section 2254 Cases ("If it plainly appears from the petition

---

[1] The Clerk notified Marshall that his Motion was not signed. *See* doc. 5. As explained below, the Motion is denied and his Petition should be dismissed. His failure to sign the Motion is, therefore, moot.

and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").

There is no automatic constitutional right to counsel in habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Under 28 U.S.C. § 2254(h) and Rule 8(c) of the Rules Governing Section 2254 Cases (mandating appointment of counsel pursuant to 18 U.S.C. § 3006A when an evidentiary hearing is warranted), the Court has authority to appoint counsel in habeas corpus proceedings brought pursuant to 28 U.S.C. § 2254. However, such requests are discretionary with the courts, and appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (quoting *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987)). Moreover, it is well settled that "[i]n a habeas corpus action in federal court[,] there is no requirement that counsel be appointed unless appointment of counsel is necessary to due process." *Norris v. Wainwright*, 588 F.2d 130, 133 (5th Cir. 1979) (cites omitted). Petitioner's conclusory allegation of "misrepresentation of the facts in his [s]tate [c]ourt [p]roceedings," doc. 4 at 1, does not identify, and the Court cannot otherwise discern, any exceptional circumstances that merit

appointment of counsel.  Marshall's motion is, therefore, **DENIED**.  Doc. 4.

Preliminary review shows that Marshall's Petition is untimely. Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), federal habeas petitions brought under 28 U.S.C. § 2254 are subject to a one-year statute of limitations.  28 U.S.C. §2244(d)(1).  The limitations period is calculated from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  That clock is stopped only by the pendency of a properly filed state collateral review proceeding.  28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982-83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at *1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."). Hence, sitting on any claim and creating time gaps between proceedings can be fatal.  *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at *1.  Once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action.  *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)

(a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at *1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon v. Hart*, 2013 WL 2385197 at *3 (S.D. Ga. May 21, 2013); *Nesbitt*, 2014 WL 61236 at *1.

Under § 2244(d)(1)(A), a judgment of conviction becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). The Georgia Supreme Court affirmed Marshall's conviction on June 29, 2015. *See generally Marshall v. State*, 774 S.E. 2d 675 (Ga. 2015). His conviction, therefore, became final on September 28, 2015, when the time for filing a petition for *certiorari* in the United States Supreme Court expired.[2] *See, e.g., Brown v. Sec'y, Dept. of Corrs.*, 2022 WL 766958, at *2 (11th Cir. Mar. 14, 2022) (citing *Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1325, 1236-37 (11th Cir. 2004). The one-year clock ran out on September 28, 2016.

Marshall alleges that he filed a state habeas petition in Telfair County Superior Court on January 18, 2018. Doc. 1 at 3; *see also id.* at

---

[2] Since the ninetieth day after June 29, 2015 was Sunday, September 27, 2015, the deadline to file a petition for *certiorari* was extended until Monday, September 28, 2015. *See* U.S. Sup. Ct. R. 30.1

18 (state habeas court order, noting "On January 18, 2018, Petitioner filed the instant petition for a writ of habeas corpus . . ."). It was denied in 2021, *id.* at 6; *see also id.* at 16-35, and the Georgia Supreme Court denied him a certificate of probable cause on August 23, 2022. *Id.* at 6; *see also id.* at 40 (Georgia Supreme Court's Order denying a certificate of probable cause). Although the pendency of the state habeas proceeding might have tolled the one-year period between 2018 and 2022, the statute of limitations had already run out more than a year before the state petition was filed.[3] *See, e.g., Webster*, 199 F.3d at 1259.

Marshall's untimely petition "may still be timely if the petitioner is entitled to equitable tolling." *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623,

---

[3] Marshall filed a prior § 2254 petition in this Court. *See Marshall v. Danforth*, 4:22-cv-089, doc. 1 (S.D. Ga. Apr. 7, 2022). As his state habeas case was pending when that Petition was filed, it was dismissed as unexhausted. *See* 4:22-cv-089, doc. 6 (S.D. Ga. Apr. 13, 2022), adopted doc. 11 (May 12, 2022). Marshall appealed that dismissal. 4:22-cv-089, doc. 13 (S.D. Ga. Jun. 14, 2022). His Notice of Appeal does not dispute that he had failed to exhaust available state remedies when he filed his previous petition. *Id* at 1. Instead, it argues his "actual innocence." *Id.* He also moved to proceed *in forma pauperis* on appeal. 4:22-cv-089, doc. 16 (S.D. Ga. Aug. 23, 2022, *nunc pro tunc* Aug. 12, 2022). His Motion remains pending before the District Judge. His appeal remains pending before the Court of Appeals.

The Court notes that, even if the instant petition could, somehow, relate back to the filing date of the previous petition, it would remain untimely. *Cf.* Fed. R. Civ. P. 15(c); *Philistin v. Warden*, 701 F. App'x 908, 910 (11th Cir. 2017) ("Rule 15 has no application after final judgment, regardless of whether [Petitioner's] new claim related back to the claim he raised originally." (citations omitted)).

624 (11th Cir. 2015) (*citing Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)).   "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition." *Id.*; *see also Holland v. Florida*, 560 U.S. 631, 649 (2010).   Marshall's Petition does not indicate any "extraordinary circumstance" and his allegations, taken as a whole, do not indicate that he pursued his rights diligently.[4]   There is, therefore, no basis to find he is entitled to equitable tolling.

Since Marshall's Petition is clearly untimely and he makes no meritorious argument for equitable tolling, his Petition should be **DISMISSED**.

---

[4]  Marshall's Petition does not address the issue of timeliness.  In the section of the form petition that solicits an explanation for untimeliness, Marshall's Petition restates an argument on the merits.  *See* doc. 1 at 13-14.  The Court notes that "actual innocence," which Marshall asserts in the Notice of Appeal he filed in his prior habeas action in this Court, *see* 4:22-cv-089, doc. 13 at 1 (S.D. Ga. Jun. 14, 2022), provides a basis to avoid a time-bar.  *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations.").  The Court, however, cannot transfer an argument asserted to appeal its prior disposition to this case.  *Cf. Jordan v. Atlanta Public Schools*, 2022 WL 3698372, at *1 (11th Cir. Aug. 26, 2022) (citation omitted) (leniency afforded to *pro se* pleadings "does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.").

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either.  28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).  Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The

district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 28th day of September, 2022.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA