IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LEVI JEROME MARSHALL, JR. | |
| Petitioner, | CIVIL ACTION NO.: 4:22-cv-220 |
| v. | |
| WARDEN PHILL HALL, | |
| Respondent. | |

**O R D E R**

Before the Court is a Report and Recommendation, (doc. 7), to which *pro se* petitioner Levi Jerome Marshall has objected, (doc. 10). The Magistrate Judge recommended that Marshall's 28 U.S.C. § 2254 petition be dismissed as untimely. (Doc. 7, p. 6.) After a careful *de novo* review, the Court agrees with the Magistrate Judge's recommendation. As explained below, Marshall's Objection does not raise any meritorious argument against the recommendation. The Court, therefore, **ADOPTS** the Report and Recommendation, (doc. 7), as the opinion of the Court and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus, (doc. 1).

The Magistrate Judge determined, based on the facts alleged in Marshall's Petition, that Marshall's conviction became final on September 28, 2015 and 28 U.S.C. § 2244(d)'s one-year statute of limitations for seeking federal habeas relief ran out on September 28, 2016. (Doc. 7, p. 4.) Marshall did not file his state habeas petition until 2018. (Id.) Thus, the instant Petition, filed in 2022, was out-of-time. (See id., pp. 3-6.) Marshall's Objection concedes the Magistrate Judge's analysis of the timeliness of his Petition. (See doc. 10, p. 2.) His Objection somewhat ambiguously asserts that his Petition is timely pursuant to 28 U.S.C. § 2244(d)(1)(D) and that he

is "actually innocent." (Id., p. 1.) Some of his arguments also implicate a possible, if not fully articulated, claim that he is entitled to equitable tolling of the statute of limitations. (See, e.g., doc. 10, p. 3.) His contentions are not persuasive.

Marshall is correct that the statute of limitations to file a § 2254 petition is triggered by "the latest of" several enumerated events. See 28 U.S.C. § 2244(d)(1). The one-year period may be triggered on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Marshall asserts three grounds for relief; two allege that his appellate counsel provided ineffective assistance and one alleges that the judgment against him violates the Fifth Amendment's Double Jeopardy Clause. (See doc. 1, pp. 5-7.) The facts related to his appellate counsel's performance were fixed no later than the date that the Georgia Supreme Court affirmed his conviction, in 2015. The facts supporting his double-jeopardy claim occurred at his trial in 2013. Courts have been clear that the statute of limitations begins to run, under § 2244(d)(1)(D), "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) (emphasis added) (internal quotation marks and citation omitted). Nothing in Marshall's Objection, nor in his Petition, suggests he discovered any fact—as opposed to his discovery of the potential legal significance of those facts, (see, e.g., doc. 10, p. 4)—after his conviction became final. (See generally docs. 1 & 10.) His Objection, therefore, fails to rebut the Magistrate Judge's analysis of § 2244(d)'s application.

The Magistrate Judge also noted that Marshall asserted "actual innocence" in a Notice of Appeal filed in another case. (See doc. 7 at 6 n. 4.) The Magistrate Judge recognized that "actual innocence" can provide an exception to the applicable statute of limitations. (Id. (citing

McQuiggin v. Perkins, 569 U.S. 383, 386 (2013)).  Marshall's Objection again raises, if only in a conclusory fashion, a claim of "actual innocence."  (Doc. 10 at 1.)  In this context, "'actual innocence' means factual innocence, not mere legal insufficiency."  Bousley v. United States, 523 U.S. 614, 623-24 (1998).  Marshall's Objection does not clearly explain his contention that he is actually innocent, but, liberally construed, it appears that his argument depends upon his contention that his conviction violated the Double Jeopardy Clause.  (See doc. 10 at 4-5.); see also, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . ." (internal quotation marks and citation omitted)).  Courts have recognized, however, that "[e]ven if [a] Double Jeopardy claim had merit, this would show, at most, *legal* innocence, which is not sufficient to excuse . . . untimely filing."  *Gosha v. United States*, 2019 WL 1559215, at *3 (N.D. Ala. Apr. 10, 2019) (internal quotations and citations omitted) (collecting cases).  The Objection, therefore, presents no plausible assertion of Marshall's "actual innocence."

Finally, the Magistrate Judge recognized that "Marshall's untimely petition 'may still be timely if the petitioner is entitled to equitable tolling.'"  (Doc. 7, p. 5 (quoting Aureoles v. Sec'y, D.O.C., 609 F. App'x 623, 624 (11th Cir. 2015)).  Equitable tolling requires a petitioner to show that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition.  See Aureoles, 609 F.3d at 624; see also Holland v. Florida, 560 U.S. 631, 649 (2010).  The Magistrate Judge found that Marshall's Petition did not make either showing.  (Doc. 7, p. 6.)  Liberally construed, Marshall's Objection contends that he is entitled to equitable tolling because of alleged ineffective assistance of counsel.  (See doc. 10, p. 1 (asserting his Petition is not untimely "due to ineffective assistance").)  First, it is not entirely clear that Marshall's allegations of ineffective assistance are intended to support equitable tolling

or merely urge the merits of his underlying claims. (Compare doc. 10, pp. 5-6, with doc. 1, pp. 5.) The merits, whatever they may be, of the underlying claims are irrelevant to whether Marshall is entitled to equitable tolling. See Helton v. Sec'y for Dept. of Corrs., 259 F.3d 1310, 1314-15 (11th Cir. 2001) ("The 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction." (citations omitted)). The closest that Marshall's Objection comes to asserting any reason for the late filing is that, after the conclusion of his direct appeal, he was generally not aware of the appliable law. (See doc. 10 at 2.) "[I]gnorance about the law is not a basis for equitable tolling under AEDPA." Hilliard v. United States, 2022 WL 165006, at *1 (S.D. Ga. Jan. 18, 2022) (citing Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013)). Ultimately, it is Marshall's burden to establish his entitlement to equitable tolling. See San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011). Even liberally construed, none of the vague assertions in Marshall's Objection establish his entitlement to equitable tolling.

Marshall's Objection does not identify any defect in the Magistrate Judge's conclusion that his 28 U.S.C. § 2254 Petition is untimely or identify any basis to excuse his untimely filing. His objections, (doc. 10), are, therefore, **OVERRULED** and the Report and Recommendation, (doc. 7), is **ADOPTED**. Marshall's Petition is **DISMISSED** as untimely. (Doc. 1.) Applying the Certificate of Appealability (COA) standards, which are set forth in Brown v. United States, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); see Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal

4

would not be taken in good faith.   Thus, *in forma pauperis* status on appeal is likewise **DENIED**. 28 U.S.C. § 1915(a)(3).   The Clerk is **DIRECTED** to **CLOSE** this case.

    **SO ORDERED**, this 24th day of October, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA